Nos. 04-98-00691-CR & 04-98-00692-CR

Nathan FERNANDEZ,

Appellant

v.

The STATE of Texas,

Appellee

From the 81st District Court, Atascosa County, Texas

Trial Court Nos. 98-01-0014-CRA & 98-01-0015-CRA

Honorable Stella Saxon, Judge Presiding

Opinion by: Alma L. López, Justice

Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Alma L. López, Justice

Delivered and Filed: November 10, 1999


AFFIRMED

 In appeal No. 04-98-000691-CR, Nathan Fernandez challenges his conviction for murder in
Cause No. 98-01-0014-CRA. In appeal No. 04-98-000692-CR, Fernandez challenges his conviction
for aggravated assault in Cause No. 98-01-0015-CRA. Both offenses were tried in a single
proceeding before a jury. Fernandez raises the same issues in both appeals.

Accomplice Testimony

 In his first issue, Fernandez contends that the State's evidence was insufficient to support his
convictions because it was based on uncorroborated testimony of the State's accomplice witness,
Reynaldo Cuellar, Jr. Like Fernandez, Cuellar was charged as a defendant in these offenses.
Cuellar, however, agreed to testify against Fernandez and to plead guilty to the offense of aggravated
assault in exchange for the State's agreement to dismiss his murder charge.

 At trial, Cuellar testified about a shooting incident that occurred at the home of J.D. Gonzales
and that resulted in the death of one victim and the wounding of another person. During his
testimony, Cuellar described a verbal altercation between himself and Gabriel Garcia, and J.D.
Gonzales and John Shawn Martin, that escalated to the point that J.D. and Martin drove by Garcia's
home and fired a shot towards the house. Fernandez's younger brother, Rudy, was among those who
were present when this occurred. Cuellar further explained how shortly after this incident, he met
up with Fernandez, Gabriel, and Gabriel's younger brother, Eric. He described how the four of them
were angry about the shooting at J.D.'s house and how they drove to a location near J.D.'s house
with the intention of fighting with J.D. As they approached J.D.'s house, however, they determined
that too many people were at J.D.'s house to initiate a fight. Cuellar testified that when they returned
to his truck to depart the area, Fernandez stated that no one was going to shoot at his brother and get
away with it. Fernandez then asked him for his (Cuellar's) gun and that he gave Fernandez the gun.
Cuellar stated that he then followed Fernandez back to J.D.'s house and observed him aim the gun,
hearing gun shots almost simultaneously. Both he and Fernandez ran back to the truck and took off
for his (Cuellar's) house. Cuellar testified that during the ride home, Fernandez twice stated that he
had shot the gun and that nobody was going to mess with his family.

 Fernandez argues that without Cuellar's testimony, the State's evidence did not connect him
to the offenses. Fernandez relies on the accomplice witness rule embodied in article 38.14 of the
Texas Code of Criminal Procedure. Article 38.14 provides:

 A conviction cannot be had upon the testimony of an accomplice unless corroborated
by other evidence tending to connect the defendant with the offense committed; and
the corroboration is not sufficient if it merely shows the commission of the offense.


Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon 1979). To review this challenge, the reviewing
court must eliminate the accomplice testimony from consideration and then determine whether other
inculpatory evidence tends to connect the defendant to the offenses. See Richardson v. State, 879
S.W.2d 874, 880 (Tex. Crim. App. 1993). The court may consider all the facts and circumstances
in evidence as furnishing the corroboration necessary. Reed v. State, 744 S.W.2d 112, 126 (Tex.
Crim. App. 1988). The corroborative evidence may be circumstantial or direct. Reed, 744 S.W.2d
at 126. The corroboration need not directly link the accused to the crime or be sufficient in itself to
establish guilt. Id.

 After reviewing the record, we find that the following corroborating testimony tended to
connect Fernandez to the shooting incident. First, Gabriel testified that he overheard Fernandez ask
Cuellar for his gun. He also testified that Fernandez was mad because they [J.D. and Martin] had
shot at his little brother. Gabriel further testified that, prior to the shooting, he heard Fernandez state
that no one was going to mess with his family, and that after the shots were fired, Fernandez stated,
"That's what they get. They don't f--- with my family."

 In addition, Eric Garcia testified about the incident during which J.D. fired a shot at Gabriel's
house. Eric confirmed that Fernandez's little brother was present when the incident occurred and that
Fernandez was angry because his younger brother was present. He also stated that although he had
left the area before the second shooting incident, Fernandez told him two days later that he was
present during the shooting and that he had provided the police with a written statement saying that
Fernandez admitted to him that he did the shooting.

 State's witness, Melissa Cruz, provided additional inculpatory, corroborating evidence. Cruz
testified that she was outside her home when she heard shots being fired. Immediately afterwards,
she observed two men run down the alleyway from the direction of J.D.'s house. She identified the
two men as Fernandez and Cuellar. In addition, Martin testified that both Cuellar and Fernandez
wanted to fight J.D. He testified that he overheard Fernandez state, "I would do it," and that he
(Martin) understood Fernandez to mean that he would shoot J.D. He also testified that a couple of
weeks after the shooting incident, Fernandez admitted to him that he had done the shooting and that
he was having trouble sleeping as a result. Because all of the above testimony corroborated Cuellar's
testimony about what occurred and tended to connect Fernandez to the offenses, we overrule
Fernandez's fist issue.

Factual Sufficiency

 In his second issue, Fernandez attacks the factual sufficiency of the evidence. To make this
challenge, Fernandez relies on the inconsistencies between the testimonies of eye witnesses, and the
testimonies of Fernandez and his mother about the clothing he was wearing on the night of the
shooting, and the unreliability of the testimonies discussed above.

 To review a factual sufficiency challenge, the reviewing court reviews all evidence without
the prism of "in the light most favorable to the prosecution" and sets aside the verdict only if it is
so contrary to the overwhelming weight of evidence as to be clearly wrong and unjust. Clewis v.
State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Although some inconsistencies exist in the
testimonies of the numerous witnesses in this case, the over-whelming weight of the evidence
indicates that Fernandez fired the gun that resulted in the death of one victim and the wounding of
the other person. Because the evidence indicates that Fernandez fired the gun, we overrule
Fernandez's second issue.

 Having overruled both of Fernandez's issues, we affirm the judgment of the trial court.


Alma L. López, Justice

DO NOT PUBLISH